Richmond, P. J.,
delivered the opinion of the court.
This action was brought by the Montrose Mercantile Company to recover for goods, wares and merchandise sold and delivered to R. T. Jones and S. J. Tanner as partners. The cause was tried to the court without a jury. At the time of the trial the following facts were agreed upon:—
“ That the Montrose Mercantile Company is existing as alleged in complaint; that at the time or during the times mentioned in the complaint, the plaintiff company sold goods to R. T. Jones, defendant, and delivered the same, and that others were sold and delivered to one Robinson, purchaser, and delivered to him on the order of R. T. Jones. And it is agreed that the amount sued for is the amount standing on the books unpaid. And it is agreed that if the judgment *95 goes against the defendants, it shall be at the legal rate of interest and without attorneys’ fees. That the only issue between the parties is as to whether or not the defendants, R. T. Jones and S. J'. Tanner, were partners and jointly obligated for the amount agreed to be due on the books.
By this agreed state of facts every issue is eliminated from the controversy save and except the one of partnership and the joint obligation. Under the issue thus presented a great amount of testimony was introduced on both sides, and from the testimony the court found that the defendants were partners, and rendered judgment against them in favor of plaintiff for the sum of $457.69 with interest from January 1,1888, and for the plaintiff against R. T. Jones individually for the sum of $212.57, with interest at the rate of ten per cent from January 1, 1888. To reverse this judgment against the two defendants, Jones and Tanner, this appeal is prosecuted.
The argument on the part of the appellants is addressed exclusively to the fact that the finding of the court was unwarranted by the evidence.
We have thoroughly examined the evidence presented by the original and supplemental abstracts, and feel justified in saying that sufficient appears to support the judgment. To recite the testimony would serve no good purpose, as the well known rule of this court, as well as that of the supreme court, is that where sufficient testimony appears to support the verdict of the jury or the finding of the court, the judgment or verdict will not be disturbed.
The judgment must be affirmed.

Affirmed.